# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

RICHARD WILLIAMS                    ,

Inmate ID Number: O-169535          ,

_____    ,

*(Write the full name and inmate ID
number of the Plaintiff.)*

Case No.: 3:23cv24731-TKW-HTC
*(To be filled in by the Clerk's Office)*

**v.**

SECRETARY, Florida Department       ,

of Corrections Ricky Dixon         ,

Debra Perry Et al.  see attached    ,
*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

**Jury Trial Requested?**
☑ YES   ☐ NO



FILED USDC FLND PN
NOV 30 '23 AM11:29

T. Bowden,

Michelle Hall,

C.O. C. Johnson



# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Richard Williams          ID Number: 0469535

List all other names by which you have been known: Rick / Wolf Paw /
Red Cedar Wolf

Current Institution: Santa Rosa Correctional Institution

Address: 5850 E. Milton Rd.

          Milton, FL 32583 - 7914

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: various corr. officers within Fla. Dept. of Corr.; Ricky Dixon

   Official Position: F.D.O.C. Correctional Officer; Secretary F.D.O.C.

   Employed at: Florida Department of Corrections; Santa Rosa C.I.

   Mailing Address: 5850 E. Milton Rd       / Central Office, 501 S. Calhoun Street

              Milton, FL 32583 - 7914  / Tallahassee, FL 32399

   ☑ Sued in Individual Capacity          ☑ Sued in Official Capacity

B. Defendant (s)

2. Defendant's Name: Ricky Dixon
   Official Position: Secretary, F.D.O.C.
   Employed at: Florida Department of Corrections
   Mailing Address: Central Office, 501 S. Calhoun Street
   Tallahassee, FL 32399

3. Defendant's Name: Debra Perry
   Official Position: Chief Health Officer
   Employed at: Florida Department of Corrections
   Mailing Address: Santa Rosa Corr. Inst., 5850 E. Milton Rd.
   Milton, FL 32583 - 7914

4. Defendant's Name: T. Bowden
   Official Position: Warden
   Employed at: Florida Department of Corrections; Santa Rosa C.I.
   Mailing Address: Santa Rosa Corr. Inst, 5850 E. Milton Rd.
   Milton, FL 32583 - 7914

5. Defendant's Name: Michelle Hall
   Official Position: IISC
   Employed at: Florida Department of Corrections; Central Office
   Mailing Address: Central Office, 501 S. Calhoun Street
   Tallahassee, FL 32399

6. Defendant's Name: C.O. C. Johnson
   Official Position: Correctional Officer (Legal Mail Handler)
   Employed at: Florida Department of Corrections; Santa Rosa C.I.
   Mailing Address: Santa Rosa Corr. Inst., 5850 E. Milton Rd.
   Milton, FL 32583 - 7914



Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)     ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner       ☐ Convicted Federal Prisoner

☐ Immigration Detainee         ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. *Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.* You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

First, Plaintiff notes that around the time that the following events took place, all institutional remedies had been sought and were exhausted. The names of the perpetrators were recorded in the grievances, however over time, Plaintiff's memories have faded. The grievance process was initiated with informal grievances and escalated to formal grievances to the Secretary, F.D.O.C. At the conclusion of the grievance process, plaintiff, requested that copies of all filed grievances and audio/video supporting evidence be filed with the Santa Rosa county state attornies office.

Around December, 2012 to January, 2013 this Plaintiff arrived at Santa Rosa C.I. by transport from Holmes C.I. after having been administratively placed on close management status. Upon arrival at Santa Rosa C.I., while still restrained with the full complement of arm, leg, and waist shackles, Plaintiff slowly shuffled his way, escorted by staff, to medical. After inprocessing and allowing his vitals recorded by medical, two male correctional officers appeared (whose names escape my memory but were recorded in grievances at the time) to escort me to my housing assignment.

Each officer then grabbed my right and left arms as I shuffled towards "G" dorm. As we made our way to G dorm, we stopped right outside the entrance. At that point all I can recall is one of the officers asking me "Are you ready?" Then, all of a sudden, the two officers lifted me up high off of the ground, and the last thing I remember is being forcefully slammed on the concrete at

**Statement of Facts Continued** *(Page 2 of 4 )*

which point I lost consciousness. When I regained my senses I was being dragged on the floor to a cell, where my shackles were unceremoniously removed. For the next three days I lay on the floor, without being able to move. My cries were ignored when Plaintiff asked for medical attention. At meal times, the staff would stop at my cell and say, "Inmate Williams, get up and grab your tray. This is your last opportunity to eat!". When I informed the officer that I couldn't move, the officer would reply, "Oh, so you're refusing your meal?" and the officer would move on. This same scenario repeated itself for three days. But the inmate in the cell next to plaintiff asked me if I would like him to file grievances on my behalf which I did. Plaintiff does not recall the Samaritans' name, however the Samaritan brought Plaintiff up to speed on what had occurred while I was unconscious. After the two C.O.'s rendered Plaintiff unconscious outside the entrance of G dorm, Plaintiff was dragged into the sallyport where the two C.O.'s began stomping and kicking Plaintiff's entire head and body. Then a nurse appeared and crouched beside my unresponsive, unconscious form with her back turned so the Samaritan couldn't see what the nurse did. I believe that the nurse injected Plaintiff with some sort of psychotropic medication, because Plaintiff recognized the accompanying sensations and aftereffects. Plaintiff believes that this was the explanation for his not being able to move. And so the Samaritan filed a grievance on that as well, because we suspected the medical department were accomplices to these criminal acts of inhumane torture, deprivation, and starvation. In the midst of Plaintiff and Samaritan dis-

Statement of Facts Continued (Page _3_ of _4_ )

cussing the contents of our next grievance, it seemed that other inmates in that wing were upset as well. All of the inmates in that wing witnessed the atrocious behavior of the C.O. as they stomped and kicked my broken body on the floor. As I was dragged across the floor by the C.O.'s in total disdain for human dignity, Plaintiff distinctly remembers the loud, raucous noise as the entire wing it seemed were kicking their cell doors and yelling obscenities at the C.O.'s. It was one of those rare prison moments where my unprovoked abuse from C.O.'s ignited a uni-fied response of fury and righteousness from the prisoners. This particular moment was also men-tioned in our grievances as Plaintiff wished to preserve the audio/video feed of this incident for evidence in future litigation.

After about 3 days of immobility on the floor of Plaintiffs cell, the door opened and a C.O. who remains unknown entered and kicked Plaintiff while yelling, "get up inmate!" Plaintiff sud-denly discovered he could move and the feeling sensation in his arms and legs was restored. Plaintiff immediately notified Samaritan next door what transpired and another grievance was written for that also. Plaintiff recalls examining his body, which was covered in bruises from head to toe. Purplish-red discoloration of Plaintiffs skin and soreness all over. Plaintiff looked in the mirror and was most horrified by what he saw. It appeared that Plaintiffs entire head was swollen and had swelled up to twice its normal size. Plaintiffs face, red with discoloration was absolutely unrecognizable. Plaintiff once again informed Samaritan of his condition and appear-ance, and Samaritan set to work, composing yet another grievance. Plaintiff, again attempted to seek medical assistance as he feared that he might have a concussion or possibly have some brain trauma but was totally ignored by medical. And that was the subject of still another grievance, all filed with the sole purpose of exhausting administrative remedies.

It should be noted by this Court that I requested "Samaritan" to identify himself as the author of those many grievances as he was instrumental in recording and preserving this horrifying experience for the record. As the informal grievances were continuously denied, we pursued the next step with informal grievances. Plaintiff recalls C.O.'s remarking that, "You'll never win, we have a system in place to protect us," or "You have a life sentence. You can't get any money." This was also documented. From this incident, Plaintiff suffered shame, depression and loss of self esteem. For the rest of Plaintiffs prison sentence he has experienced perpetual terror of the prison staff and general population, and Plaintiff only feels safe in confinement. It seems that in this prison environment, seclusion is the only safe refuge for this Plaintiff. He craves justice.

Statement of Facts Continued (Page __4__ of __4__)

Plaintiff's second issue involves the medical services at Santa Rosa Correctional Institution, under Chief Health Officer Debra Perry. Let the record reflect that Plaintiff is relying upon his vast and detailed medical file to support his claims. Throughout his incarceration Plaintiff has suffered from a skin malady which has been confirmed to be directly connected to each institution's internally recycled water system through consumption and bathing which frequently results in painful outbreaks of rashes and redness, bleeding and open sores, with constant itching also attendant. And so began years of torment, which as a Native American Indian made me especially susceptible. Plaintiff began constantly applying for sick-call services and being prescribed TOLNAFTATE over-the-counter medicines which did little to alleviate the symtoms or provide Plaintiff long-lasting relief. While at Liberty C.I. around May, 2023 I was seen by a physician and during consultation we both agreed that TOLNAFTATE products were ineffective. As a result this physician suggested TRIAMCINOLONE OINTMENT. Plaintiff discovered that TRIAMCINOLONE ACETONIDE OINTMENT, USP 0.1% was extremely effective and so began a regimen of treatment utilizing that topical ointment. When Plaintiff arrived at Santa Rosa C.I. around August 2023, he sought sick-call services by another physician. This new physician, under Chief Health Officer Debra Perry completely thwarted Plaintiff's request to renew his valid prescription of TRIAMCINOLONE by proclaiming that he didn't see a need for it. With this finding he completely ignored Plaintiff's clearly documented medical history by prescribing Plaintiff TOLNAFTATE, against his wishes and contrary to the sound medical prescriptions recorded in Plaintiff's medical file.

Plaintiff has reason to believe he is being victimized by hate crimes as defined under the First Amendment hate crime law for being an inmate. The medical staff at Santa Rosa C.I. are also guilty under Chief Health Officer Debra Perry of violating Plaintiff's Eighth Amendment rights by deliberately withhold the correct medication necessary to alleviate Plaintiff's symptoms and provide the relief he seeks. Plaintiff also has reason to believe a conspiracy is afoot at Santa Rosa C.I. which is economic in nature and profit based. Plaintiff has discovered a trend where inmates are repetitively charged multiple times for a single sick-call visit which is normally $5.00. However, Plain has proof that he has been charged twice for a single sick-call visit. By misdiagnosis, which is clearly designed to facilitate multiple sick-call visits to gain an additional $5.00 profit, it has become evident, since other inmates have complained of the same problem, that inmates are the subjects of hate crimes by overcharging, compliments of F.D.O.C.



## V.  STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

F.D.O.C. Prison staff at Santa Rosa C.I. in 2012-2013 violated Plaintiff's Eighth Amend- ment and First rights when they used force "maliciously and sadistically for the very purpose of causing harm," by slamming Plaintiff on the ground rendering him unconscious; kicking him viciously and rep- eatedly; denying Plaintiff adequate medical treatment for serious head injury; and starving the Plaintiff for days; all of which cause irreparable long term mental pain, devastating his spirit.

## VI.  RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Plaintiff seeks actual and punitive money damages in the amount of Five Million dollars for years of living in abject fear, and suffering; for legal fees to assist in Plaintiff pursuit of justice in postconviction; the issuance of an institutional JP5 tablet to enjoy his purchased media which was stolen; to be transferred to an "incentive facility" which provides a better quality of life.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.   PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☑ YES   ☐ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: ___March 7, 2023___   Case #: _3:23-cv-126-MSS-AAS_

   Court: _U.S. District Court, Middle District, Tampa Division_

2. Date:_____Case #: _____

   Court: _____

3. Date:_____Case #: _____

   Court: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☑ YES ☐ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #:_3:23-cv-126-MSS-AAS_Parties: _Charlie J. Crist, et al_

Court: U.S.D.C., Middle Dist., Tampa Div.   Judge: Kathryn Kimball Mizelle

Date Filed: Jan. 19, 2023   Dismissal Date *(if not pending)*: March 7, 2023

Reason: Pursuing relief in Federal Habeas action / Failure to state a claim

2.   Case #:_____   Parties: _____

Court:_____   Judge: _____

Date Filed:_____ Dismissal Date *(if not pending)*: _____

Reason: _____

C.   Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☑ YES   ☐ NO

If you answered yes, identify all lawsuits:

1.   Case #: 8:23-cv-00126-MSS-AAS Parties: Charlie Crist, et al.

Court: U.S.D.C., Middle Dist. Tampa Div. Judge: Kathryn Kimball Mizelle

Date Filed: Jan. 19, 2023   Dismissal Date *(if not pending)*: March 7, 2023

Reason: Dismissed Without Prejudice to pursue relief in Federal Habeas action

2.   Case #:_____   Parties: _____

Court:_____   Judge: _____

Date Filed:_____ Dismissal Date *(if not pending)*: _____

Reason: _____

3.   Case #:_____   Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

4. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

5. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

6. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

*(Attach additional pages as necessary to list all cases. Failure to disclose all prior cases may result in the dismissal of this case.)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 30 Nov 23   Plaintiff's Signature: _____

Printed Name of Plaintiff: Richard Williams

Correctional Institution: Santa Rosa Correctional Institution

Address: 5850 E. Milton Rd.

Milton, FL 32583 - 7914

I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in

the prison's mail system for mailing on the ___20th___ day of ___November___,
20_23_ .


Signature of Incarcerated Plaintiff: _____

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: 4
Institution: S.R.C.I.

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☑ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Richard Williams | DC Number 169535 | Quarters C3204u | Job Assignment N/A | Date 6 Nov 23 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☐

Mr/Ms. Mills, L.,

   I intend on pursuing legal action via a 42 U.S.C. §1983 in the near future. One of the requirements for proceeding pro se is that I submit a six-month statement of my inmate account, which leads me to my request. I would like you to send me a printout of my last six-months inmate account activity. Thank you for your assistance in this matter. I have the completed document ready to mail.

   However, the document requires the signature of an authorized person (usually a major or higher) to verify my indigency status. I think the best approach would be to give that authorized person the printout of my inmate account for the past six months to give me when they provide their signature.

   So my dual purpose request is that you forward me a six-month printout of my inmate account activity while also arranging for an authorized staff member to sign off on my 42 U.S.C. § 1983.

   Thank you for your assistance in this matter.

✱ By the way, the authorized person cannot use a black pen, it has to be another color per instructions!

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____    DC#: 169535

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    DATE RECEIVED: NOV 0 7 2023

Classification can sign it, send it and I will print the statement on the same date so they match

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): L. Mills | Official (Signature): _____ | Date: 11/8/23 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

119-2311-0263

Mail Number: _____
Team Number: 4
Institution: S.R.C.I.

| TO: (Check One) | ☑ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Richard Williams | DC Number 169535 | Quarters C3204u | Job Assignment N/A | Date 10 Nov 23 |
|---|---|---|---|---|---|

### REQUEST                                          Check here if this is an informal grievance ☑

This informal grievance is being filed in accordance with FAC 33-210.102 where I have a legal document prepared to file to the court, U.S. District. However, the legal document requires a six-month inmate account statement and the signature of authorized personnel, or Notary Public, FAC 33-210.104

L. Mills is under the impression that I must send my legal document to the classification to sign and mail out on my behalf. No rule that I am aware of requires that I relinquish my 42 U.S.C. to a complete stranger. It will not leave my sight, except by an authorized legal mail handler.

According to legal mail rules, as the sender of my 42 U.S.C. §1983 I must be present at every stage of preparation of my legal document including the signing by an authorized personnel and the stamping and sealing by an authorized legal mail handler.

Therefore, as this legal issue is time sensitive, as relief I am requesting that you expedite this process by sending me the six-month statement of my inmate account and arrange a cell front visit by an authorized personnel to sign the document. Thanks.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): _____ | DC#: 169535 |
|---|---|

6P Class
6 Month

### DO NOT WRITE BELOW THIS LINE

RECEIVED

### RESPONSE                                    DATE RECEIVED: NOV 13 2023

Grievance has been received, reviewed and evaluated. .................

What you are asking to be completed is done by Classification. We get the form fill it out and attach your 6 month statement and send it back to you and you mail it out, it does not need to be notarized. Attached is your 6 month statement, once you receive it you will need to request the legal mail officer to come to your cell, due to you not sending the form to us. Grievance is denied due to inmate not sending form.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is __Denied__. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): L. Mills | Official (Signature): _____ | Date: 11/14/23 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)
                                    Incorporated by Reference in Rule 33-103.005, F.A.C.

MAILED/FILED
WITH AGENCY CLERK

NOV 15 2023

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WILLIAMS, RICHARD | 169535 | 23-6-33047 | SANTA ROSA C.I. | C3204U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing.

It is determined that the response made to you by the Institution on 09/29/2023 appropriately addresses the issues you presented.

If you have problems with your prescribed medications, then it is your responsibility to access sick call to address it with the medical.

All inmate self-initiated sick call visits that are determined to be of a non-emergent nature will incur a co-payment including request for medication and pass renewals (whether they are prescribed or not). A pre-existing or continuing condition does not carry any relevancy for relief under the Rule. This practice is in keeping with the Florida Statutes.

If you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Hall, IISC

| Michelle Hall | T. Bowden | 11/8/23 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

_medical_

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**

OCT 18 2023

Department of Corrections
Inmate Grievance Appeals

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From or IIF Alleging Sexual Abuse, on the behalf of:

| Williams | Richard | | 169535 | Santa Rosa Correctional Institution |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

23-6-33047

  This Formal Grievance of a MEDICAL nature is being filed in accordance with F.A.C. 33-103.008 (a); As a grievance APPEAL of a MEDICAL in accordance with F.A.C. 33-103.007 (1),(2),(3),(5); F.A.C. 33-103.002 (15)(c).

  This Formal Grievance APPEAL of a MEDICAL nature stems from the FORMAL GRIEVANCE filed on 25Sep23 which is attached per F.A.C. 33-103.007 (5)(a) where I am appealing Assistant Warden Ricks' findings regarding the callous mis-treatment from Santa Rosa's Chief Health Officer, Debra Perry, MD, whose charging policies are CRIMINAL in nature.

  As I have explained ad nauseam, for the past 17 years I have suffered from a debilitating illness of the skin, chronic in nature, which frequently manifests itself in the form of rashes, open sores, itching and redness. Throughout the years I have been prescribed various TOLNAFTATE products which have proven themselves to be ineffective. This information along with the findings of countless medical professionals can be easily obtained from my medical file. I have reason to believe that CHIEF HEALTH OFFICER, Debra Perry, MD whom I accessed under FORMAL MEDICAL GRIEVANCE procedures outlined in F.A.C. 33-103.008(1) and F.A.C. 33-103.006 (3)(e) has failed to inspect and thoroughly consult my medical file to become familiar and acquainted by my particular affliction, activities which reek of malpractice.

  I want the record to be perfectly clear, that I am not MALINGERING in any fashion. My complaint is perfectly valid and supported by sound medical findings. While at Liberty C.I., Doctor Salvadore issued a prognosis in which he found that TOLNAFTATE was ineffective and did not work for me. As an alternative Dr. Salvador prescribed another medicine, TRIAMCINOLONE ACETONIDE OINTMENT, USP 0.1%, which I find to be extremely effective.

  I have discovered that CHIEF HEALTH OFFICER Debra Perry, MD's reasoning for issuing me TOLNAFTATE in direct contradiction to my MEDICAL file is motivated by financial gain by charging my inmate account $5.00 twice for accessing sick call services (1) ONE time, on August 31, 2023. Furthermore, the basis for my accessing sick call services was to renew my medication in an ongoing medical consultation, not a new issue for which I can be charged. Medical Services cannot continuously charge me $5.00 for every visit if it is pertaining the same medical issue. CHIEF HEALTH OFFICER Debra Perry, MD has been engaging in highway robbery of defenseless inmates who have no other options. Ms. Debra Perry, MD has misdiagnosed my medical condition contrary to the medical history of my file. Attached are two inmate account statements for August and September per F.A.C. 33-103.007(5)(c), evidence of CRIMINAL activity. The MEDICAL co-pay is INCORRECT, therefore I demand a refund as prescription of the correct medicine, TRIAMCINOLONE, KOP.

| 13Oct23 | | 169535 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

---

°BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

7y  2309-119-191  119

| # | | Signature |
|---|---|---|

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____  Institutional Mailing Log #: M023-195~  _____
                              (Date)                                                    (Received By)

**RECEIVED**

OCT 16 2023

BY:_____

| DISTRIBUTION: | | |
|---|---|---|
| INSTITUTION/FACILITY | CENTRAL OFFICE |
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)                  Incorporated by Reference in Rule 33-103.006, F.A.C.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

**TO:** ☑ **Warden**  ☐ **Assistant Warden**  ☐ **Secretary, Florida Department of Corrections**

**From or IF Alleging Sexual Abuse, on the behalf of:**

| Williams | Richard | | 169535 | Santa Rosa Correctional Institution |
|---|---|---|---|---|
| **Last** | **First** | **Middle Initial** | **DC Number** | **Institution** |

---

**Part A – Inmate Grievance**            2309-119-191

This FORMAL GRIEVANCE of a medical nature is being filed in accordance with F.A.C. 33-108.008; 33-103.002 (15); and 33-103.006 (3) (e) where this complaint involves Santa Rosa C.I.'s resident physician's blatant and callous disregard of a fellow physician's educated and medically sound diagnosis and prescription of TRIAMCINOLONE ACETONIDE OINTMENT USP, 0.1%. The Santa Rosa resident physician refused to renew my prescription of this medicine, which was still valid at the time, and furthermore, prescribed TOLNAFTATE instead, which according to my medical history has been proven ineffective. This fact can be verified after a studious and careful examination of my lengthy medical records and the remarks of the attending doctors throughout 17 years of incarceration. Incredibly, I was charged $5.00 for attempting to renew my medications!

   The foundational starting point of my complaint originated almost 2 decades ago where it was surmised and expertly diagnosed that I was suffering from a skin malady directly connected to each institutions' internally recycled water system through drinking and bathing which frequently resulted in painful outbreaks of rashes and redness, bleeding and open sores, with constant itching also attendant. And so began years years of constant torment, which as a Native American Indian made me especially susceptible, where I found myself constantly applying for sick-call and being prescribed various TOLNAFTATE products over-the-counter, which were often short-lived and did not provide the long lasting relief I desired. The TOLNAFTATE powder which the resident Santa Rosa physician prescribed me recently on August 31, 2023 might have been effective in some instances, however in my case the rashes and open skin sores which appeared regularly following showers, render the powder ineffective and in reality quite painful when applied to open skin rashes. The same can be said for the various TOLNAFTATE cremes which I was issued and used for many years, without great effect.

   While at Liberty C.I. I consulted with a physician around May, 2023 and explained my medical background as he examined my medical file and we both agreed on my extensive and troubling history of repetitive sick-call appointments and the disappointing per-formance of the TOLNAFTATE medicines and the overall ineffectiveness of their cremes, to treat and relieve my chronic and debili-tating medical condition over the long term. The physician at Liberty C.I. prescribed TRIAMCINOLONE ACETONIDE OINTMENT USP, 0.1% which has provided satisfying results. The resident physician at Santa Rosa C.I. has refused to consult my medical file and chose to override the prescribing doctor's competent findings and diagnosis by reverting back to the TOLNAFTATE powder and purposely ignoring my clearly established medical history, as well as thwarting my efforts at preventative medicinal methods.

   As relief, I am requesting the Santa Rosa C.I. Chief Health Officer *designate as ICP* to conduct a complete examination of my medical history to verify my claims, continue my treatment by renewing my TRIAMCINOLONE prescription, and refunding my $5.00 co-pay fee. Thank you.

| 25 Sep 23 | | 169535 |
|---|---|---|
| **DATE** | | **SIGNATURE OF GRIEVANT AND D.C. #** |

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**        _____ / _____
                                                                                      **#**        **Signature**

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that there may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____        Institutional Mailing Log #: _____
                                    **(Date)**

                                                                                      **(Received By)**

**R E C E I V E D**
SEP 2 6 2023
BY: _____

| **DISTRIBUTION:** INSTITUTION/FACILITY | **CENTRAL OFFICE** |
|---|---|
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)            **Incorporated by Reference in Rule 33-103.006, F.A.C.**

**PART B - RESPONSE**

| WILLIAMS, RICHARD | 169535 | 2309-119-191 | SANTA ROSA C.I. | G2219U |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

IN YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, YOU GRIEVE MEDICAL.

PLEASE BE ADVISED, INMATES DO NOT DICTATE TREATMENT.  TREATMENT IS AT THE SOLE DISCRETION OF THE PROVIDER.  ALL INMATE INITIATED SICK CALLS DEEMED NON-EMERGENT IS CHARGED A $5.00 COPAY.  COPAYMENT IS CORRECT.   IF YOU ARE HAVING ANY OTHER MEDICAL CONCERNS UTILIZE SICK CALL.

BASED ON THE ABOVE INFORMATION, YOUR FORMAL GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

C. RICKS, AWP

| 9/28/23 | | 9/29/23 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Debra Perry, MD
SARAX - Centurion

OCT 0 2 2023

Richard Williams, D.C. 169535
Santa Rosa Correctional Institution
5850 E. Milton Rd.
Milton FL 32583-7914

MAILED FROM A STATE
CORRECTIONAL INSTITUTION.



US POSTAGE
ZIP 32583
02 4W
0000368416 NOV 21 2023
$ 002.79⁰

NOV 3 0 2023

Clerk, U.S. District Court
One North Palafox Street
Pensacola, FL 32502-5658

