UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD WILLIAMS,

    Plaintiff,

v.                                        Case No. 3:23cv24731-TKW-HTC

RICKY DIXON, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Richard Williams, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Upon screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends Plaintiff's claims be DISMISSED because they are barred by the applicable statute of limitations and for failure to truthfully disclose prior litigation.

**I.    THE COMPLAINT**

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Santa Rosa Correctional Institution ("SRCI"). Doc. 1 at 4. He brings this action against Chief Health Officer Debra Perry, Warden T. Bowden, IISC Michelle Hall, Correctional Officer C. Johnson, and the Secretary of

the FDOC based on a December 2012 or January 2013 alleged excessive use of force incident, when he was "forcefully slammed on the concrete" while still in full restraints which caused him to lose consciousness. *Id.* at 8-9. He alleges that in the following days, he was unable to move or eat, that he was kicked and stomped by officers, and that a nurse "injected [him] with some sort of psychotropic medication." *Id.* He, thus, suspects "the medical department were accomplices to these criminal acts of inhumane torture, deprivation, and starvation." *Id.* Nowhere in the complaint, however, does Plaintiff name any of the officers who engaged in the alleged use of excessive force. Nonetheless, in his Statement of Claims, he seeks redress "against F.D.O.C. Prison Staff at [SRCI]," for the December 2012-January 2013 use of excessive force, starvation, and denial of medical care.[1] *Id.* at 14.

---

[1] In the complaint, Plaintiff also alleges that "throughout his incarceration he has suffered skin maladies" from bathing in the institutions' recycled water; that when he was at Liberty CI he was given an ointment to use, but when he got to SRCI in August 2023, Defendant Debra Perry prescribed a different ointment. Thus, he alleges "the medical staff at [SCRI] are … guilty under … Perry" of Eighth Amendment violations by deliberately withholding his proper medication. Doc. 1 at 12. Plaintiff further alleges, generally, that he "has reason to believe he is being victimized by hate crimes as defined under the First Amendment hate crime law for being an inmate" but provides no further explanation of when or how any alleged hate crimes occurred. *Id.* The undersigned does not address either of these claims because (1) he does not appear to seek relief for them in the Statement of Claims; (2) they are improperly joined in this action; and (3) they fail to state a claim. Regardless, because they are not related to the alleged use of excessive force, if Plaintiff seeks relief for those incidents, he must file a separate action. *See* Fed. R. Civ. P. 20; *see also,* Doc. 1 at 8 (instructing Plaintiff that "Facts not related to this same incident or issue must be addressed in a separate civil rights complaint").

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental employees, the Court has an obligation to review the complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

## III. DISCUSSION

### A. Statute of Limitations

The Eleventh Circuit has consistently held that Florida's 4-year statute of limitations for personal injury actions, Fla. Stat. § 95.11(3), governs federal § 1983 claims brought in Florida. *See e.g., City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). The statute of limitations begins to run when the plaintiff either knows or should know (1) that he has suffered the injury that forms the basis of his complaint; and (2) who has inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

According to Plaintiff, his claims of excessive force, starvation, and denial of medical care occurred in December 2012 or January 2013, and that multiple

contemporaneous grievances addressing each were filed. Plaintiff, however, did not file this action until at least November 20, 2023, more than four (4) years later. There can be no doubt that Plaintiff suffered an injury based on those allegations, if at all, in December 2012 or January 2013. *See Burt v. Martin*, 193 F. App'x 829, 830 (11th Cir. 2006) ("Burt alleged that the violations of his Eighth Amendment rights took place in July 1997, which would also be when he learned of the injury for purposes of beginning the running of the statute of limitations"). In other words, the facts giving rise to a cause of action were known or should have been known to Plaintiff by January 2013. Indeed, the complaint does not disclose any facts that would support tolling the statute of limitations. *See Joseph v. State Mut. Life Ins. Co. of America*, 196 F. App'x 760, 761 (11th Cir. 2006) (affirming dismissal upon screening because, "[i]n the absence of an applicable toll," plaintiff's claim was time-barred).

Thus, Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed as frivolous. A complaint is subject to dismissal "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Holliday v. Inch*, No. 3:19CV4945/RV/EMT, 2021 WL 4993958, at *2 (N.D. Fla. Oct. 12, 2021), *report and recommendation adopted*, 2021 WL 4990822 (N.D. Fla. Oct. 26, 2021) (citing *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)) (internal quotation marks omitted). The statute of limitations is an

affirmative defense. *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.") (citation omitted).

As the Eleventh Circuit has stated, where "it appear[s] beyond a doubt from the complaint itself that [the indigent plaintiff] can prove no set of facts which would avoid a statute of limitations bar," the case should be dismissed prior to service.[2] *See Burt*, 193 F. App'x at 830 (dismissing prisoner's action pre-service as barred by the statute of limitations) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)); *Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 681 (11th Cir. 2018) (affirming dismissal of indigent plaintiff's claim under frivolity analysis as barred by the statute of limitations).

### B. Failure To Disclose

As an additional and independent basis for dismissal, Plaintiff failed to

---

[2] Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action sua sponte, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment).

Case No. 3:23cv24731-TKW-HTC

truthfully disclose his litigation history on the complaint form he submitted to the Court. Section VIII of that form specifically asked him to identify any prior cases he filed, which (A) count as a "strike" under 28 U.S.C. § 1915(g), (B) "dealing with the same facts or issue involved in this case," or (C) "either challenging your conviction or otherwise relating to the conditions of your confinement." *See* Doc. 1 at 15-17. Plaintiff disclosed one case, *Williams v. Crist, et al.*, 8:23-cv-00126 (M.D. Fla). Plaintiff did not, however, disclose *Williams v. Sec'y, Dep't of Corr.*, 8:22-cv-00910 (M.D. Fla), a habeas petition attacking a 2006 conviction in Hillsborough County, which bears Plaintiff's name and inmate number.

Nevertheless, Plaintiff signed the complaint "under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 18-19. Plaintiff's averment that he disclosed all prior federal court cases which challenged his conviction was false. Plaintiff's failure to disclose his prior case is a malicious abuse of the judicial process which warrants dismissal. *See, e.g., Ealy v. CCA*, 5:15-cv-305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the

prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1-2 (N.D. Fla. June 7, 2020).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous as it is barred by the statute of limitations, as well as for being malicious under 28 U.S.C. § 1915(e)(2)(B)(i) based upon Plaintiff's failure to truthfully disclose his litigation history.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of January, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.