UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RICHARD WILLIAMS,**

    **Plaintiff,**

v.                                         Case No. 3:23cv24731-TKW-HTC

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 9) and Plaintiff's objection (Doc. 10). The Court reviewed the issues raised in the motion de novo as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3).

Based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed because (1) the claims are barred by the statute of limitations and (2) Plaintiff failed to fully disclose his litigation history. With respect to the first issue, Plaintiff suggests in his objection that there might be a "tolling provision" that applies because Defendant's alleged conduct was criminal, but the Court is not aware of any statute or rule (and Plaintiff has not cited one) that would have tolled the statute of limitations on the claims in this case for

more than a decade.  With respect to the second issue, Plaintiff argues in his objection that he was not required to disclose his federal habeas petition challenging his state conviction because that was a criminal case, but that argument is unpersuasive because litigation history question on the complaint form clearly required Plaintiff to disclose cases "challenging [his] conviction."  Doc. 1 at 17 (§VIII.C); *see also Kendrick v. Inch*, 2021 WL 2623215, at *1 (N.D. Fla. June 25, 2021) (rejecting prisoner's argument that his complaint should not be dismissed because the habeas cases he failed to disclose were "criminal" cases since "the civil rights complaint form specifically required [the prisoner] to list 'any other lawsuits in federal court challenging [his] conviction' "), *aff'd sub nom. Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022).

    Accordingly, it is **ORDERED**:

    1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

    2.    This case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is barred by the statute of limitations and because Plaintiff did not fully disclose his litigation history.

    3.    The Clerk shall enter judgment in accordance with this Order and close the case file.

Case No. 3:23cv24731-TKW-HTC

**DONE and ORDERED** this 12th day of February, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:23cv24731-TKW-HTC